U. S. DISTRICT COURT
N. D. OF N. Y.
FILED

JUL 11 2005

AT _____ O'CLOCK ____ M
LAWRENCE K. BAERMAN, Clerk
UTICA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
~~~~~~~~~~~~~~~~~~~~~~~~~~~~

LANSING DEFAYETTE,

                       Plaintiff,

      -vs -

PATRICK MCGILL, Clinton County Judge;
RICHARD CANTWELL, Clinton County D.A.;
and DANIEL GAUDREAU, ESQ.,

                       Defendants.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~

9: 05-CV-0812
(DNH(RFT)

APPEARANCES:

LANSING DEFAYETTE
Plaintiff, *pro se*
03-A-2252
Mid-State Correctional Facility
P.O. Box 2500
Marcy, New York 13403

DAVID N. HURD
United States District Judge

## ORDER

Presently before this Court is an *in forma pauperis* application, together with a *pro se* civil rights complaint filed by Lansing DeFayette ("plaintiff"). Dkt. Nos. 1 and 2. Plaintiff is currently incarcerated at Mid-State Correctional Facility and has not paid the statutory filing fee for this action.

For the reasons stated below, plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## I. Background

In his *pro se* complaint, plaintiff alleges that the defendants violated plaintiff's constitutional rights. Specifically, plaintiff claims, *inter alia*, that during plaintiff's criminal trial, he was denied a fair trial, the right to call witnesses, the ability to enter a defense of justification, the right to records, the right to be present at crucial stages of the proceeding, the right to proper jury instructions, and the right to effective assistance of counsel. Plaintiff seeks monetary damages. For a more complete statement of plaintiff's claims, reference is made to the entire complaint.

## II. Discussion

Turning to plaintiff's *in forma pauperis* application, the Court finds that plaintiff may properly commence this action *in forma pauperis* because plaintiff sets forth sufficient economic need. Dkt. No. 2.

The Court must now consider whether the case should be dismissed pursuant to 28 U.S.C. § 1915(e). Section 1915(e) directs that when a plaintiff seeks to proceed *in forma pauperis*, the Court:

> (2) [S]hall dismiss the case at any time if the court determines that -
> \*\*\*
> (B) the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). Thus, even if a plaintiff meets the financial criteria to **commence** an action *in forma pauperis*, it is the Court's responsibility to determine that a complaint may properly be maintained in the District before it may permit the plaintiff to **proceed** with his or her action *in forma pauperis*. *Id.*

Plaintiff purports to assert a claim against the named defendants pursuant to 42 U.S.C. § 1983. Section 1983 establishes a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. *German v. Fed. Home Loan Mortg. Corp.*, 885 F.Supp. 537, 573 (S.D.N.Y. 1995) (citing *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983)) (footnote omitted); *see also Myers v. Wollowitz*, No. 95-CV-0272, 1995 WL 236245, *2 (N.D.N.Y. Apr. 10, 1995) (McAvoy, C.J.) (§ 1983 "is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights.").

### A. Judge McGill

The law in this Circuit clearly provides that "[j]udges enjoy **absolute immunity** from personal liability for 'acts committed within their judicial jurisdiction.'" *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994) (emphasis added) (quoting *Pierson v. Ray*, 386 U.S. 547 (1967)). "The absolute immunity of a judge applies however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Young*, 41 F.3d at 51 (internal quotations omitted).

It appears that defendant Judge McGill was acting within the scope of his judicial jurisdiction when he presided over plaintiff's criminal prosecution. Thus, this defendant is absolutely immune from liability in this Section 1983 action.

### B. District Attorney Cantwell

"[P]rosecutors are absolutely immune from liability under § 1983" in matters involving the prosecution – or failure to prosecute – individuals. *See Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994) (prosecutorial immunity covers virtually all acts, regardless of

motivation, associated with the prosecutor's function, including conspiracies to present false evidence); *Schloss v. Bouse*, 876 F.2d 287, 290 (2d Cir. 1995) (prosecutor protected by absolute immunity in suit challenging failure to prosecute). Accordingly, defendant Cantwell, the Clinton County District Attorney is immune from liability under Section 1983 for actions taken during plaintiff's prosecution on criminal charges.

### C. Attorney Gaudreau

Finally, plaintiff names Daniel Gaudreau, his criminal defense attorney as a defendant. Parties may not be held liable under § 1983 unless it can be established that they have acted under the color of state law. *See, e.g., Rounseville v. Zahl*, 13 F.3d 625 (2d Cir. 1994) (noting state action requirement under § 1983); *Wise v. Battistoni*, 92-Civ-4288, 1992 WL 380914, *1 (S.D.N.Y. Dec. 10, 1992) (same) (citations omitted). State action is an essential element of any § 1983 claim. *See Gentile v. Republic Tobacco Co.*, No. 95-CV-1500, 1995 WL 743719, *2 (N.D.N.Y. Dec. 6, 1995) (Pooler, J.) (citing *Velaire v. City of Schenectady*, 862 F.Supp. 774, 776 (N.D.N.Y. 1994) (McAvoy, C.J.) (citation omitted).

In the present case, plaintiff has not alleged any nexus between the State of New York and the challenged actions of defendant Gaudreau -- plaintiff's private attorney. The mere fact that defendant represented plaintiff at a court proceeding does not make defendant a state actor. "It is well settled that an attorney's representation of a party to a court proceeding does not satisfy the section 1983 requirement that the defendant is alleged to have acted under color of state law absent special circumstances suggesting concert of action between the attorney and a state actor." *Wise v. Battistoni*, 1992 WL

380914 (S.D.N.Y. Dec. 10, 1992); see also Vann v. Dardon, 1996 WL 172707 (N.D.N.Y. Apr. 10, 1996) (Pooler, J.) (attorney in criminal proceeding is not a state actor for purposes of § 1983); Rodriguez v. Weprin, 116 F. 3d 62, 65-66 (2d Cir. 1997) (court-appointed defense attorneys do not act under color of state law).

### III. Conclusion

Because plaintiff's complaint seeks monetary relief against defendants, who are immune from such relief, and fails to state a claim upon which relief may be granted, the action is dismissed. See 28 U.S.C. § 1915(e).

WHEREFORE, it is hereby

ORDERED, that leave to commence this action in forma pauperis is granted, and it is further

ORDERED, that this action is dismissed for the reasons set forth above, and it is further

ORDERED, that the Clerk of the Court serve a copy of this Order on plaintiff by regular mail.

IT IS SO ORDERED.

United States District Judge

Dated: July 7, 2005
Utica, New York.